# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**National Union Fire Insurance Company of Pittsburgh Pennsylvania, Petitioner**

**vs)  No. 12-0455** (Wyoming County 10-C-221)

**Timothy Tyree,**
**Plaintiff Below, Respondent**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner National Union Fire Insurance Company of Pittsburgh, Pennsylvania, by counsel Jeffrey B. Brannon, Philip J. Sbrolla, and Gerald E. Lofstead III, appeals the order of the Circuit Court of Wyoming County entered March 8, 2012, which granted respondent's motion to reduce a worker's compensation statutory subrogation lien. Respondent Timothy Tyree, by counsel Guy Bucci, Mark A. Barney, and Christopher J. Heavens, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent was employed as a "red hat," an underground coal miner in training, by Newhall Contracting, Inc., and Parsley Enterprises, Inc. (Parsley). He worked at Brooks Run Mining, LLC (Brooks Run), and Alpha Natural Resources, LLC (Alpha), Wyoming No. 2 Mine. Parsley purchased workers' compensation insurance from petitioner, a private carrier.

Respondent was injured in a mining accident on August 8, 2010. His left foot was severely damaged and his toe was amputated. Petitioner determined the claim was compensable and has paid respondent $129,843 in workers' compensation benefits.

On December 30, 2010, respondent filed a civil action arising out of the mining accident in the Circuit Court of Wyoming County. He filed suit against his employer, Parsley, alleging a deliberate intent claim in accordance with West Virginia Code § 23-4-2(d)(2)(ii). He also brought negligence claims against third parties Brooks Run and Alpha. Following discovery and mediation, the parties reached a settlement agreement on December 14, 2011. The parties agreed to the apportionment of payment and responsibility between the defendants, with Brooks Run being responsible for 45% and Parsley being responsible for 55%. The settlement figure is confidential. Following that settlement, the parties herein commenced discussions concerning

1

repayment of the statutory workers' compensation subrogation lien.

On January 27, 2012, respondent filed a motion to strike or reduce the workers' compensation subrogation claim with a notice of hearing, setting the matter for disposition before the circuit court. On February 6, 2012, petitioner filed a motion to strike respondent's motion.

The circuit court conducted a hearing in this matter on February 15, 2012. Following oral argument of counsel, the circuit court denied petitioner's motion to strike respondent's motion to reduce the subrogation lien. By order entered March 8, 2012, the circuit court granted respondent's motion to reduce the workers' compensation subrogation lien, and reduced the lien from $129,843 to $17,660. The court arrived at this amount, in part, based upon the apportionment agreed at settlement, with a deduction for attorney's fees and costs.[1] Through this appeal, petitioner asks this Court to reverse the circuit court's decision regarding the reduction of the lien.[2]

We articulated the controlling standard of review for rulings issued by a circuit court in Syllabus Point 2 of *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997), which states,

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standards. Question of law are subject to a *de novo* review.

With these standards in mind, we proceed to determine whether the circuit court committed error by reducing the workers' compensation statutory subrogation lien at issue in this case.

In challenging the circuit court's ruling granting respondent's motion to reduce the subrogation lien, petitioner asserts two arguments. As an initial ground of appeal, petitioner contends that it was not provided appropriate notice of respondent's motion, and not provided a meaningful opportunity to address the allegations.[3] Petitioner also argues that it is entitled to the full amount of the statutorily created lien, minus attorney's fees and costs.

---

[1]The transcript of the hearing held in this matter reflects that respondent incurred costs in excess of $30,000, and that he had a contingent fee arrangement with his attorney.

[2]Alternatively, petitioner requests this Court remand the matter to the circuit court for an evidentiary hearing so that it may conduct discovery regarding respondent's attorney's fees and costs. However, at no time during the hearing held before the circuit court did petitioner move to undertake additional discovery. Therefore, we decline to remand this matter for further discovery.

[3]Petitioner also asserts that the circuit court lacked jurisdiction in this matter because respondent failed to take action to join or properly serve petitioner. We find this argument to be

This Court finds petitioner's first assignment of error to be without merit. Petitioner was clearly given the opportunity to be heard. It had notice of the hearing and filed a motion to strike respondent's motion to reduce the statutory subrogation lien. Furthermore, petitioner appeared at the February 15, 2012, hearing before the circuit court, represented by three attorneys.

We are similarly unconvinced by the argument that the circuit court ignored the plain and unambiguous language in the statute to deprive petitioner the full amount of its statutorily created lien. Under the West Virginia workers' compensation scheme, a private carrier is entitled to subrogation. Nevertheless, such subrogation shall be reduced by attorney's fees and costs and may be negotiated. The plain language of the statute provides no absolute right to full subrogation. West Virginia Code § 23-2A-1, states, in pertinent part,

> (a) Where a compensation injury or death is caused, in whole or in part, by the act or omission of a third party, the injured worker or, if he or she is deceased or physically or mentally incompetent, his or her dependents or personal representative are entitled to compensation under the provisions of this chapter, and shall not by having received compensation be precluded from making claim against the third party.
> (b) Notwithstanding the provisions of subsection (a) of this section, if an injured worker, his or her dependents or his or her personal representative makes a claim against the third party and recovers any sum for the claim:
> (1) With respect to any claim arising from a right of action that arose or accrued, in whole or in part, on or after January 1, 2006, the private carrier or self-insured employer, whichever is applicable, shall be allowed statutory subrogation with regard to indemnity and medical benefits paid as of the date of the recovery.
> . . .
> (c) For claims that arose or accrued, in whole or in part, prior to the effective date of the reenactment of this section in 2009, and all claims thereafter, *the party entitled to subrogation shall permit the deduction from the amount received reasonable attorneys' fees and reasonable costs and may negotiate the amount to accept as subrogation.*
> (d) In the event that an injured worker, his or her dependents or personal representative makes a claim against a third party, there shall be, and there is

without merit. The determination of subrogation cannot be separated from the underlying workers' compensation action as they are intertwined. A cause of action under West Virginia Code § 23-4-2(d)(2)(ii), is not separate and distinct from the workers' compensation scheme. This Court has specifically recognized that a deliberate intent cause of action is governed by workers' compensation statutory law. *Roberts v. Consolidation Coal Co.*, 208 W.Va. 218, 234, 539 S.E.2d 478, 494 (2000). It is within an employee's claim under West Virginia Code § 23-4-2(d)(2(ii) that an amount paid pursuant to workers' compensation is to be determined and off-set. *See* W.Va. Code § 23-4-2(c). Therefore, the circuit court had jurisdiction over the subrogation claim as it flowed from respondent's deliberate intent and third party negligence claims. Petitioner, as private insurance carrier of respondent's employer, Parsley, took part in the settlement at issue in this matter.

hereby created, a statutory subrogation lien upon the moneys received which shall exist in favor of the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable.

W.Va. Code § 23-2A-1 (emphasis supplied).

In this case, the circuit court considered the particular facts and circumstances as represented by the parties' counsel at the hearing. Thereafter, the circuit court made specific factual findings, including:

6. That one of the Plaintiff's claims was alleged as a first party or deliberate intent claim against Parsley and the other claim alleged was a third party or negligence claim against Defendant Brooks Run. The settlement effectively apportioned the recovery through the parties' agreement by requiring Brooks Run to pay forty-five percent (45%) of the settlement and Parsley and another entity fifty-five percent (55%).

7. That as a result of the parties' agreement, equivalent of a final order of the Court apportioning liability, the Plaintiff could not possibly recover fifty-five percent (55%) of the workers compensation benefit paid on behalf of the employer by its private insurer because the employer is permitted as a matter of law an offset or credit for all such payments, or in this case, its agreed upon share.

Upon consideration of the facts and arguments presented, the circuit court ordered respondent to pay petitioner the sum of $17,600, to resolve the subrogation claim arising out of the workers' compensation statute. The circuit court found this pro rata amount was based upon the responsibility apportionment petitioner, and its agent, Parsley, agreed to at the settlement, with a deduction for attorney's fees and costs.

Upon our review of the record, this Court finds that the circuit court did not abuse its discretion in this matter. Petitioner, a private workers' compensation carrier, is entitled to the statutory subrogation lien. Nevertheless, under the plain language of the statute, this subrogation lien shall be reduced by attorney's fees and costs and may be negotiated. *See* West Virginia Code § 23-2A-1(c). Therefore, we find that the circuit court did not err in considering the settlement between respondent, Brooks Run, and Parsley, to reduce the amount of the subrogation lien.

For the foregoing reasons, the decision of the Circuit Court of Wyoming County is affirmed.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**NOT PARTICIPATING:**

Chief Justice Brent D. Benjamin